# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

AFSHIN BAHRAMPOUR,

        Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

Case No. 2:16-cv-00985-GMN-VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)
COMPLAINT (#1-2)

      This matter involves Plaintiff Afshin Bahrampour's civil action against the United States of America, the Central Intelligence Agency, the National Security Agency, and other defendants. (ECF Nos. 1-2). Before the Court are Bahrampour's application to proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-2). For the reasons stated below, Bahrampour's application to proceed *in forma pauperis* is granted and he may proceed with this action. It is recommended that Bahrampour's complaint be dismissed with prejudice.

      Bahrampour must also show cause as to why he should not be declared a vexatious litigant.

### *In Forma Pauperis* **Application**

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they

are unable to pay the costs of filing and still provide the necessities of life. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations emitted).

Here, Bahrampour's application to proceed i*n forma pauperis* states that he is unemployed and homeless. Accordingly, Bahrampour's application is granted.

## II.   Section 1915(e) Screening

Under section 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious." 28 U.S.C. § 1915(e)(2). An action is frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations omitted).

The court should dismiss Bahrampour's complaint as frivolous. Relying on Biblical authorities, Bahrampour alleges that the United States of America and various government agencies have conspired to monitor and steal American citizens' brain waves through various programs like "neural remote monitoring" and "signals intelligence network." (ECF No. 1-2). Bahrampour also alleges the NSA tracks biological electric fields to "mind-link" or artificially telepath to any persons' mind. (ECF No. 1-2). Bahrampour's claims are clearly baseless.[1]

## III.   Order to Show Cause – Vexatious Litigant

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Because a pre-filing order implicates a litigant's right of access to the courts, the court must give the litigant notice and an opportunity to be heard prior to entering a pre-filing order. *Id*.

---

[1] The court recently dismissed a similar complaints in *Bahrampour v. Joint Chiefs of Unfaith*, 15–cv–1548–LDG–VCF and *Bahrampour v. United States*, 15-cv-1194-MMD-VCF.

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

A vexatious litigant is one who has a pattern of filing frivolous complaints, motions, and appeals, and has a history of non-compliance with court orders. *Emrit v. Soc. Sec. Admin.*, No. 2:14-CV-01760-GMN, 2015 WL 4597834, at *3 (D. Nev. July 29, 2015) (deeming litigant vexatious after he filed eight frivolous cases in the District of Nevada within the same year, sixty-four cases total in federal district courts); *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263 (D. Nev. 2011) (deeming litigant vexatious after he filed at least seven actions in ten years against the Nevada Department of Corrections and its employees).

Since 2013, Bahrampour has filed the following actions:

1. *Bahrampour v. City of Las Vegas, et al.* - 2:13-cv-00955-APG-NJK: The court dismissed the action. Bahrampour filed five motions, which were all denied.

2. *Bahrampour v. State of Nevada, et al.* - 2:13-cv-02096-JCM-CWH: The court dismissed the action with orders that Bahrampour may not file further documents in that action.

3. *Bahrampour et al v. Clark County Commissioners, et al.* - 2:13-cv-01271-RFB-CWH: The court dismissed the action. Bahrampour filed four motions, which were all denied.

4. *Bahrampour v. State of Nevada District Attorney Office, et al.* - 2:13-cv-02186-APG-GWF: The court dismissed the action with orders that Bahrampour may not file further documents in that action. Bahrampour filed two motions, including a motion to accept following scientific truths as fact. The court denied both motions.

3

5. *Bahrampour v. Secretary of Defense, et al.* - 2:13-cv-02231-APG-PAL: The court dismissed the action for failure to state a claim.

6. *Bahrampour v. President of the USA, et al.* - 2:13-cv-02341-JCM-GWF: The court dismissed the action. Bahrampour filed two ex-parte motions, which were both denied. Bahrampour appealed to the Ninth Circuit. The Ninth Circuit dismissed the appeal.

7. *Bahrampour v. United States of America, et al.* - 2:15-cv-01194-MMD-VCF: The court dismissed the action.

8. *Bahrampour v. Joint Chiefs of Unfaith, et al.* - 2:15-cv-01548-LDG-VCF: The court dismissed the action. Bahrampour filed fifteen motions. The court dismissed thirteen motions before the court ordered Bahrampour to show cause why he should not be declared a vexatious litigant. It is unclear whether Bahrampour received the order to show cause as all mail to him was returned undeliverable.

The court has denied all of Bahrampour's motions and dismissed all of his actions. Bahrampour's papers contain common elements such as extensive reliance on non-legal authority, fanciful claims against government agencies, and implausible theories of liability based on fantastic concepts like telepathy.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Mr. Bahrampour is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

4

IT IS RECOMMENDED that Mr. Bahrampour's Complaint (ECF Nos. 1-2) be DISMISSED with prejudice.

IT IS FURTHER ORDERED that a show cause hearing to determine whether Mr. Bahrampour is vexatious is scheduled for 10:00 a.m., June 6, 2016, in courtroom 3D.  Any response to the Order to Show Cause must be filed on or before May 23, 2016.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party of the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action**.  *See* LSR 2-2.

DATED this 9th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE