**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AFSHIN BAHRAMPOUR, | |
|       Plaintiff, | Case No. 2:16-cv-00985-GMN-VCF |
| vs. | **REPORT & RECOMMENDATION** |
| UNITED STATES OF AMERICA, *et al.*, | |
|       Defendants. | |

This matter involves Plaintiff Afshin Bahrampour's civil action against the United States of America, the Central Intelligence Agency, the National Security Agency, and other defendants. (ECF No. 1-2). The action was commenced on May 2, 2016. The court reviewed Mr. Bahrampour's complaint under 28 U.S.C. 1915(a) and recommended that it be dismissed with prejudice. (ECF No. 2). On May 9, 2016, the court ordered Mr. Bahrampour to show cause why he should not be declared a vexatious litigant on or before May 23, 2016. *Id.*

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LRIB 3–2. Upon the filing of such objections, the court must make a *de novo* determination of those portions of the report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b). On May 18, 2016, Mr. Bahrampour filed an objection to the Magistrate Judge's order and report & recommendation. (ECF No. 3). However, Mr. Bahrampour did not address the order to show cause.

Mr. Bahrampour was also ordered to appear on June 6, 2016, and show cause why he should not be deemed a vexatious litigant. (ECF No. 2). Mr. Bahrampour did not appear. Mr. Bahrampour did not respond or object to the magistrate judge's portion of the order to show cause and has not requested an extension of time to respond. The deadline to show cause has now passed. Given Mr. Bahrampour's failure to respond as ordered and for the reasons stated in the May 9, 2016 order and report & recommendation (ECF No. 2), Afshin Bahrampour should be declared a vexatious litigant and be barred from filing any further actions in this court without first obtaining permission.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Afshin Bahrampour be deemed a VEXATIOUS LITIGANT.

IT IS FURTHER RECOMMENDED that Mr. Bahrampour should be enjoined from filing any further action or papers in this court without first obtaining leave of the court. In order to file any papers, plaintiff must make application for leave and the paper shall bear the caption "Application Seeking Leave to File."

IT IS FURTHER RECOMMENDED that the application be supported by a declaration by Bahrampour stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of this order shall be attached to any application. Failure to fully comply with this order will be sufficient grounds for denial of the application.

IT IS FURTHER RECOMMENDED that the Clerk of Court be authorized to reject and refuse to file, and/or discard any new complaint, petition, document on a closed case, or any other document submitted in violation of this Order.

\\\

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 6th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3