**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AFSHIN BAHRAMPOUR, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> DAVID TYSON, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-00985-GMN-VCF <br><br> **ORDER ACCEPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE FERENBACH** |

Pending before the Court is the Report and Recommendation ("First R&R"), (ECF No. 2), of United States Magistrate Judge Cam Ferenbach entered on May 9, 2016, to which Plaintiff Afshin Bahrampour ("Plaintiff") filed an Objection, (ECF No. 3). Also pending before the Court is a second Report and Recommendation ("Second R&R"), (ECF No. 5), entered by Magistrate Judge Ferenbach on June 6, 2016. Plaintiff filed an Objection, (ECF No. 17), which purports to object to both R&Rs, and a Reply, (ECF No. 20), to the Second R&R.

**I.  BACKGROUND**

In the First R&R, Magistrate Judge Ferenbach granted Plaintiff's application to proceed *in forma pauperis* and recommended that the Court dismiss Plaintiff's Complaint with prejudice as frivolous. (First R&R 4:18–5:2, ECF No. 2). Specifically, Judge Ferenbach concluded that Plaintiff's Complaint is "clearly baseless" as it relies on Biblical authorities to allege "that the United States of America and various government agencies have conspired to monitor and steal American citizens' brain waves through various programs like 'neural remote monitoring' and 'signals intelligence network.'" (First R&R 2:11–17) (quoting Compl., ECF No. 1-2).

In addition, Judge Ferenbach ordered Plaintiff to appear at a show cause hearing to

determine whether Plaintiff should be deemed a vexatious litigant. (*Id.* 5:3–5). After Plaintiff failed to appear at the hearing or otherwise object to the show cause portion of the First R&R, Judge Ferenbach issued the Second R&R recommending that Plaintiff be deemed a vexatious litigant. (Second R&R 2:9, ECF No. 5).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

Plaintiff's objections to Judge Ferenbach's recommendation of dismissal merely reassert his fantastic claims regarding the government's efforts to monitor brain waves through the "signal intelligence network" and "human measurements intelligence network." (Obj., ECF No. 3). For example, Plaintiff states that "[t]he 'neural remote monitoring,' N.R.M., is audibly recognizable in the auditory cortex at 15 (hertz) and is a very mentally distressing and distractionary [sic] PRESENCE. It interrupts my prayer as a Shia Muslim." (*Id.*). The Court agrees with Judge Ferenbach that Plaintiff's claims are frivolous.

Turning to Judge Ferenbach's recommendation that the Court deem Plaintiff a vexatious litigant, the First R&R details the eight cases filed by Plaintiff in this district prior to the instant action, all of which were dismissed with prejudice. (*Id.* 3:14–4:12). Indeed, the Court recently dismissed a case filed by Plaintiff on June 15, 2016. *See Bahrampour v. Director of Nat'l Intelligence*, 2:16-cv-01334-GMN-NJK (D. Nev. June 15, 2016). As Judge Ferenbach noted, "[Plaintiff's] papers contain common elements such as extensive reliance on non-legal authority,

fanciful claims against government agencies, and implausible theories of liability based on fantastic concepts like telepathy." (First R&R, 4:13–16). Plaintiff responds that at least on one occasion, he filed a "legitimate lawsuit." *See Bahrampour v. Lampert*, 356 F.3d 969, 979 (9th Cir. 2004). That Plaintiff has on one occasion asserted "legitimate" claims fails to overcome the string of ten meritless cases, several of which Plaintiff ultimately abandoned.

Having reviewed the record upon which Judge Ferenbach relied *de novo,* the Court finds no basis on which to reject Judge Ferenbach's findings and recommendations. The Court therefore accepts the findings in full.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the First Report and Recommendation, (ECF No. 2), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Second Report and Recommendation, (ECF No. 5), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff Afshin Bahrampour is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), and is **ENJOINED** and **PROHIBITED** from filing any complaint, petition, or other document in this Court without first obtaining leave of this Court. Accordingly, if Plaintiff intends to file any papers with the Court, he must first seek leave of the Chief District Judge by filing an application bearing the caption "Application Seeking Leave to File." The application must be supported by a declaration of Plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.

**IT IS FURTHER ORDERED** that Plaintiff shall attach a copy of this Order to any application. Failure to fully comply with this Order will be sufficient grounds for denial of the application.

**IT IS FURTHER ORDERED** that the Clerk of Court is authorized to reject and refuse to file, and/or discard any new complaint, petition, document on a closed case, or any other document submitted in violation of this Order.

The Clerk shall close this case and enter judgment accordingly.

**DATED** this __14__ day of April, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court